UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION PIKEVILLE

| | |
|---|---|
| **TALIA BLAKENSHIP,** | **CIVIL ACTION NO. 7:24-10-KKC** |
|     **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **PIKEVILLE MEDICAL CENTER, INC., et al.,** | |
|     **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion to dismiss her federal cause of action and to remand. (DE 16.) For the following reasons, Plaintiff's motion is denied.

I.  Background

Plaintiff Talia Blankenship originally filed her Complaint in the Pike Circuit Court in August 2020. (DE 1.) The defendants filed their notice of removal on January 26, 2024, after Blankenship's experts opined that violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA") had occurred. (*Id*.)

The case has not progressed much before this Court. In February, Blankenship moved twice to have the matter remanded to state court. (DE 5, 6.) Those motions were denied. (DE 13.) In May, Defendant Dr. Ali Butt renewed a summary judgment motion originally filed in state court. (DE 14.) Now, Blankenship makes a renewed motion to remand, conditioned on the Court granting her motion to voluntarily dismiss the EMTALA claim without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (DE 16.) Additionally, Blankenship has filed a motion

1

to stay all pending motions prior to the Court's resolution of her renewed motion to remand and to grant her additional time to respond to Dr. Butt's motion for summary judgment. (DE 17.)

**II.     Analysis**

As a procedural matter, a Rule 41(a)(2) voluntary dismissal can only be used to dismiss an entire action, not specific claims. *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 904 (S.D. Ohio 2013); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023) ("a Rule 41(a)(2) dismissal can only be for an entire action, and not an individual claim."). In general, Rule 41 contemplates the "Dismissal of Actions." And as the Sixth Circuit has explained, "the word 'action' as used in the Rules denotes the entire controversy." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961).

In this case, defendants and Blankenship agree that, despite not appearing in her Complaint, she is alleging a federal cause of action under EMTALA. Blankenship now requests voluntary dismissal of her EMTALA claim. (DE 16.) And despite explaining why defendants would not be prejudiced by such dismissal, Blankenship never offers a non-forum-based explanation as to why she requests dismissal of the EMTALA claim. (*Id.*) Notwithstanding, the Court is unable to entertain Blankenship's request to voluntarily dismiss her EMTALA claim on the basis of Rule 41(a)(2). This is because, as discussed above, Rule 41(a)(2) only permits the dismissal of an entire action, not single causes of action. Here, Blankenship's motion requests exactly what Rule 41(a)(2) does not permit: the dismissal of a single cause of action. Thus, her motion to voluntarily dismiss the EMTALA claim must fail.

Nevertheless, Blankenship is not without recourse. Parties wishing to modify their claims are free to request leave of court to do so under Federal Rule of Civil Procedure 15. District courts freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However,

a court may deny leave to amend for various reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In sum, the Federal Rules of Civil Procedure do not permit dismissal of the EMTALA claim as Blankenship requests. However, as permitted by the Rules, Blankenship is free to request leave to modify her Complaint to eliminate the EMTALA claim.

### III. Conclusion

For these reasons, the Court hereby ORDERS:

1. Plaintiff's Motion to Dismiss Federal Causes of Action and to Remand (DE 16) is DENIED;

2. Plaintiff SHALL FILE any request for leave to modify her Complaint within 14 days of the filing of this Order; and

3. Plaintiff's Motion to Stay Pending Motions and for an Enlargement of Time (DE 17) is GRANTED in part and DENIED in part; GRANTED insofar as all briefing on all motions currently pending before the Court is hereby STAYED, and the Court will set scheduling for all briefing in a subsequent order, if appropriate; and DENIED insofar as Plaintiff's request for an enlargement of time (DE 17) is rendered moot.

October 1, 2024



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY